UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDREW E. DIAZ,

Plaintiff,

v. Case No. 25-cv-1908-bhl

GINGER RANDOLPH,

Defendant.

---

ANDREW E. DIAZ,

Plaintiff,

v. Case No. 26-cv-0843-bhl

GINGER RANDOLPH et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Adrew Diaz, who is currently incarcerated at the Racine Correctional Institution, is representing himself in the above-captioned 42 U.S.C. §1983 cases. Diaz is also representing himself in *Diaz v. Cook*, Case No. 25-cv-1907 (E.D. Wis.), which is proceeding before Magistrate Judge Stephen Dries. That case was reassigned from the undersigned to Judge Dries on March 5, 2026, after all parties consented to magistrate judge jurisdiction. The parties in the above-captioned cases, however, have *not* all consented to magistrate judge jurisdiction. Before the Court is Defendants' motion to consolidate Diaz's three cases. For the reasons explained below, the Court will deny the motion.

In Case No. 25-cv-1908, Diaz asserts that Defendant Nurse Practitioner Ginger Randolph violated the Eighth Amendment when she did not adequately respond to his complaints of

significant side effects after he began taking a new medication to treat back pain. *See* No. 25-cv-1908, Dkt. No. 7. According to Diaz, weeks after he raised his concerns to NP Randolph, he blacked out and severely injured himself at work. Discovery closed on September 3, 2026.

In Case No. 26-cv-0843, Diaz asserts that, after severely injuring himself at work, Defendants NP Randolph, Travis Brady, and Kristin Vasquez failed to provide him with pain medication or prioritize an evaluation despite his persistent complaints of headaches and an inability to see, resulting in significant and potentially permanent eye damage. *See* No. 26-cv-0843, Dkt. No. 7. Discovery is ongoing and set to close on February 3, 2027.

Finally, in Case No. 25-cv-1907, which is proceeding before Judge Dries, Diaz asserts that Defendant Sgt. Carol Cook violated the Eighth Amendment when she hired him for a landscaping position even though his file contained a no-work restriction. *See* No. 25-cv-1907, Dkt. No. 7. Discovery closed on September 3, 2026.

On September 28, 2026, Defendants filed a motion to consolidate all three cases, noting that the cases are "identical in many ways." Defendants responded with a number of incorrect assertions. They contend that all three cases are pending before the same judge (they are not), that the cases all stem from the same incident (they do not), and that Diaz alleges the same resulting injury in all three cases (he does not).

Diaz strongly opposes consolidating the cases. He notes that discovery in Case Nos. 25-cv-1907 and 25-cv-1908 is closed but discovery in Case No. 26-cv-0843 does not close for another three months, meaning the resolution of the first two cases would be significantly delayed if Defendants' motion is granted. Diaz also asserts that he was required to pay the $350 filing fee in each of the cases, so he should be allowed to pursue them separately.

Diaz's points are not without merit. More importantly, however, the three cases do not, as Defendants state, "stem from the same incident." Case No. 25-cv-1907 involves a correctional officer allegedly hiring Diaz for a job he was not medically cleared to have, Case No. 25-cv-1908 involves a nurse practitioner allegedly ignoring Diaz's complaints about side effects for a medication prescribed to address back pain, and Case No. 26-cv-0843 involves healthcare staff ignoring complaints of headaches and vision problems following a significant head injury. While the head injury Diaz suffered on June 17, 2025, is relevant to each of Diaz's cases, to characterize Diaz's claims as all "stemming" from that incident is not accurate.

Given Diaz's opposition to consolidation, the lack of overlap in the factual bases for Diaz's claims, and that resolution of two of the three cases would be significantly delayed, the Court will deny Defendants' motion to consolidate.

**IT IS THEREFORE ORDERED** that Defendants' motion to consolidate is **DENIED**.

**IT IS FURTHER ORDERED** that, in Case No. 25-cv-1908, a party who wants to move for summary judgment on the merits must do so by **November 20, 2026**. The scheduling order in Case No. 26-cv-0843 is unchanged.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge